# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| LIONEL GIBSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-00280-JMS-WGH |
| MARY RANKIN, MARLA GADBERRY, TIMOTHY BARTH M.D., ANDREW LIAW M.D., LOLIT JOSEPH, MICHAEL ROGAN, JOHN B. CLARKSON, JEFFERY SMITH, FRANCES E. DWYER, ROSE VAISVILAS, ESTHER HINTON, RICHARD BROWN, | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Certain Claims
and Directing Further Proceedings**

Lionel Gibson, an Indiana prisoner currently incarcerated at the Westville Correctional Facility ("Westville"), filed this 47-page civil rights complaint in state court alleging that twelve defendants violated his constitutional rights. Specifically, Gibson alleges that the defendants provided him with inadequate medical care in violation of the Eighth Amendment while he was incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). Gibson's claims are brought pursuant to 42 U.S.C. § 1983. The defendants removed this action to this Court and the complaint is now subject to screening pursuant to 28 U.S.C. § 1915A.

1

**I.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Lionel Gibson, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying the standard set forth above, certain claims must be dismissed while one claim shall proceed.

**II.  Claim Which Shall Proceed**

The claim that Dr. Lolit Joseph was deliberately indifferent to the rash on Gibson's head, face and neck in violation of the Eighth Amendment shall proceed. The complaint lists specific circumstances which Gibson asserts reflects Dr. Joseph deliberate indifference to Gibson's serious medical needs between July 2, 2012, and May 24, 2013. Although listed as fourteen separate

grounds for relief, these circumstances state one claim of deliberate indifference because it is the totality of the care provided for Gibson's rash that is at issue. This claim shall proceed. For the reasons explained below, all other claims are dismissed.

## II. Dismissed Claims

### A. Claims Arising Out of Westville Correctional Facility.

**Claims against Dr. Andrew Llaw are dismissed** without prejudice as improperly joined. Dr. Llaw is a doctor at Westville. All other defendants are associated with Wabash Valley. Claims against Dr. Llaw should be brought in a separate action in the Northern District of Indiana or an appropriate state court. In this instance, the claims against Dr. Llaw will not be severed into a new action and transferred to the Northern District of Indiana for four reasons. First, if the plaintiff acts diligently the statute of limitations will not be an issue because Gibson was transferred to Westville on March 13, 2014, and first examined by Dr. Llaw on May 16, 2014. Second, Gibson will have the opportunity to file his claims against Dr. Llaw in either state or federal court. Third, filing a new action against Dr. Llaw will allow the focus of the complaint to be on the events which occurred at Westville such that the record in the new action will not be muddied by the expansive number of claims which arose at Wabash Valley. Finally, Gibson will have the opportunity to ensure that he has exhausted his administrative remedies as to the claims occurring at Westville prior to filing his complaint.

If Gibson **disagrees** with the dismissal of Dr. Llaw without prejudice for the reasons explained above, he shall have through **October 22, 2014,** in which to file a motion for reconsideration which has attached a statement of the claims alleged against Dr. Llaw. These claims will then (in the Court's discretion and as a matter of judicial economy) be severed into a new action and transferred to the Northern District of Indiana.

The **claims for injunctive and declaratory relief are dismissed as moot** because Gibson is no longer incarcerated at Wabash Valley and the defendants associated with Wabash Valley are no longer responsible for his medical treatment. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed," for federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks omitted); *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same); *Samuels v. Mackell*, 401 U.S. 66 (1971) (equating remedies of injunctive and declaratory relief)).

To the extent Gibson seeks a declaratory judgment that the actions of these defendants associated with Wabash Valley violated his constitutional rights, this claim must be **dismissed** because declaratory judgment cannot be used "solely to adjudicate [a defendant's] past conduct" and not to affect future behavior. *Simso v. State of Connecticut,* 2006 WL 3422194, at *8 (D.Conn. Nov. 28, 2006); *see also Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, 2009 WL 1770145, at *3 (E.D. Wis. 2009) (dismissing claim for declaratory judgment where complaint alleges only past illegal conduct).

### B. Eighth Amendment

As mentioned above, the constitutional provision pertinent to Gibson's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Specifically, the Eighth Amendment imposes a duty on prison

officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). It is well-settled, however, that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer*, 511 U.S. at 835; *Mathis v. Fairman*, 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

A corollary to the element of deliberate indifference is that a defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

Given these principles of liability the claims against the following defendants are legally insufficient and must be dismissed. The court reaches this conclusion because there is no allegation that these defendants "acted with a sufficiently culpable state of mind." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted).

**Claims against Dr. Michael T. Rogan are dismissed as legally insufficient.** The only allegation against Dr. Rogan is that on June 14, 2013, Gibson was seen by Dr. Rogan. Dr. Rogan documented the severity of Gibson's condition and requested a medication extension of two months. These allegations are insufficient to state a plausible claim that Dr. Rogan was deliberately indifferent to Gibson's serious medical needs.

**Claims against Dr. Naveen Rajoli are dismissed as legally insufficient.** The only allegation against Dr. Rajoli is that on July 18, 2013, Gibson was seen by Dr. Rajoli. Dr. Rajoli prescribed a cream called nystatin-triameinalone to be applied to the area twice a day. Dr. Rajoli stated that the medication would need to be approved by the medical administrators at Central Office.

**Claims against Dr. John B. Clarkson are dismissed as legally insufficient.** The only allegations against Dr. Clarkson is that he was not a good listener. However, on August 8, 2013, Dr. Clarkson saw Gibson and prescribed Griseofuluin (the medication Gibson requested and stated provided the best results). On September 4, 2013, Dr. Clarkson again saw Gibson. Gibson told Dr. Clarkson that the doctor he saw on August 8, 2013 (Dr. Clarkson) was weird, crazy and lacked the attention span to listen. Gibson told Dr. Clarkson that the crazy doctor tried to convince him he had folliculitis even though a razor never touched his skin.[1] Dr. Clarkson informed Gibson that he was the previous doctor. Dr. Clarkson then told Gibson that he was healed and documented in Gibson's medical record that the lesions were healed. Gibson alleges that his scalp was showing improvement with Dr. Clarkson's treatment, but at a slower rate starting on October 21, 2013. These allegations reflect only a personal disagreement between Gibson and Dr. Clarkson. The allegations reflect that Dr. Clarkson gave Gibson the medication he sought and which Gibson himself stated gave the best results. Gibson acknowledges that the treatment improved his condition through at least October 21, 2013. These allegations are insufficient to state a plausible claim of deliberate indifference.

**Claims against Dr. Jeffrey Smith are dismissed as legally insufficient.** The only allegation against Dr. Jeffrey Smith is that he examined Gibson on December 23, 2013, and diagnosed Gibson with folliculitis barbae. Dr. Smith prescribed the antibiotic minocycline. This medication stopped the swelling, relieved the symptoms of bleeding and scabbing but did not stop

---

[1] Folliculitis is a common skin condition in which hair follicles become inflamed. It's usually caused by a bacterial or fungal infection. Folliculitis is not caused only by razors. It can also result from heat and sweat, and certain skin conditions. See Mayo Clinic, Folliculitis, http://www.mayoclinic.org/diseases-conditions/folliculitis/basics/causes/con-20025909 (Viewed August 21, 2014).

the spread of the rash. These allegations are insufficient to state a plausible claim of deliberate indifference.

**Claims against Dr. Frances Dwyer are dismissed as legally insufficient.** The only allegation against Dr. Dwyer is that on March 11, 2014, she extended the use of the medication minocycline prescribed by Dr. Smith without examining the plaintiff. On March 13, 2014, Gibson was transferred to Westville. These allegations are insufficient to state a plausible claim of deliberate indifference because the prescribed treatment antibiotic minocycline was relieving Gibson's symptoms.

### C. Due Process Claims

In addition to the Eighth Amendment, the plaintiff repeatedly claims that his due process rights were violated and references the Fifth and Fourteenth Amendments. "[T]he first step in any ['1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). The right implicated by Gibson's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 273 (1994)(plurality opinion of Rehnquist, C.J.) (internal quotations omitted). Because the Eighth Amendment supplies the applicable constitutional standard, and because "constitutional claims must be addressed under the most applicable provision," *Conyers v. Abitz,* 416 F.3d 580,

586 (7th Cir. 2005), **Gibson's due process claims asserted pursuant to the Fifth and Fourteenth Amendments are dismissed.**

   D. Grievance Claims

**Claims against Rose Vaisvilas, Marla Gadberry, Mary M. Rankin, and Ester Hinton are dismissed.** The only factual allegations alleged against these defendants is that they improperly responded to Gibson's grievances or his grievance appeals. Although the grievance process is an important process for inmates and administrators alike, Circuit law "specifically denounc[es] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because Gibson had no expectation of a particular outcome of his grievances, *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"), there is no viable claim which can be vindicated through a § 1983 action based on the alleged mishandling of his administrative grievances.

**Similarly, claims against Superintendent Brown are dismissed because this official is not a medical provider and did not have personal involvement in the treatment of Gibson's rash or the denial of medication sought by him.** The only allegation against Superintendent Brown. Is that on August 19, 2013, Gibson submitted an informal grievance to him, but Gibson did not receive a response from Mr. Brown. *See Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").

### III. Conclusion

For the reasons explained above a single viable claim for relief was identified by the Court in screening the complaint. Specifically, **the claim that Dr. Joseph was deliberately indifferent to Gibson's serious medical needs in violation of the Eighth Amendment shall proceed as submitted.** If Gibson believes that additional claims were alleged in the complaint, but not identified by the Court and that those claims should proceed in this action, he should notify the Court of this fact by no later than **October 22, 2014.** All other claims are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). No partial final judgment shall issue at this time as to the claims resolved in this Entry.

Dr. Lolit Joseph has not appeared in this action. Counsel for defendants Mary Rankin, Marla Gadberry, Timothy Barth, M.D., Andrew Liaw, M.D., Michael Rogan, M.D., and Jeffery Smith, M.D. shall have seven (7) business days from the date of issuance of this Entry in which file Dr. Lolit Joseph's last known address ex parte. By filing the address using the ex parte event, the information will not posted on the Court's public docket and cannot be accessed via the Court's Pacer system. A Notice of Electronic Filing is distributed only to counsel for the filing party. S.D. Ind. ECF Pol. & Proc. Manual § 20. Gibson is notified that if a viable address is provided as directed, the Court will attempt to assist Gibson with serving Dr. Joseph with notice of this action.

**IT IS SO ORDERED.**

Date: October 3, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKEDILLONCRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov

Melinda Jae Schwer
OFFICE OF THE ATTORNEY GENERAL
melinda.schwer@atg.in.gov

LIONEL GIBSON
104608
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391