UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LIONEL GIBSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-00280-JMS-WGH |
| LOLIT JOSEPH, et al., | ) |
| Defendants. | ) |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings.

**I.**

The defendants' motion to supplement their brief in support of summary judgment [dkt. 108] with internet research is **denied.** The motion for summary judgment is fully briefed and any additional supplementation is untimely. There is no contention that the information submitted was unavailable at the time of the original briefing. In addition, there is no evidentiary foundation laid for the information, and the defendants present no argument or evidence that the newly cited internet information related in any way to their decisions as to the care they provided Mr. Gibson. The Court therefore considers the information and irrelevant to its resolution of the instant motion.[1]

---

[1] To the extent the defendants suggest that this information is required by the Seventh Circuit's opinion in *Rowe v. Gibson*, No. 14-3316, 798 F.3d 622 (7th Cir. 2015), no mandate has issued in that case.

## II.

The plaintiff seeks reconsideration of the Entry denying his request for a temporary restraining order or preliminary injunction issued October 16, 2015. The motion to reconsider [dkt. 109] is **granted in part and denied in part.** The motion is **denied** to the extent that the plaintiff has not shown that he is entitled to the relief he seeks. Thus, the Court will not order that the defendants arrange for the plaintiff to be evaluated by a specialist. The plaintiff's motion is granted to the extent that he requests additional pictures be taken. Because the pictures submitted by the defendants are out of focus, this request is **granted.**

Accordingly, **counsel for defendant Hinton is again directed to arrange to have photographs taken of Gibson's scalp** as soon as practicable. The photographer should capture the portions of Gibson's scalp which Gibson directs. This may require many close up photographs of his scalp. A copy of these photos should be provided to Gibson and filed with the Court. Gibson requests notice so that he may cut his hair in advance of the photographs being taken. Based on the prior blurry photographs, the Court believes that when Gibson pulls his hair to the side to expose his scalp, portions of his scalp are readily visible. Thus, it is not necessary for him to cut his hair and doing so may be contrary to the recommendations of his medical providers. This Court makes no determination regarding whether Gibson should cut his hair, but this action is not deemed necessary for documenting the condition of his scalp at this time. Under these circumstances, notice of the time and date the photographs will be taken is not required.

**IT IS SO ORDERED.**

Date: _November 4, 2015_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LIONEL GIBSON, DOC # 104608
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel