UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LIONEL GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-00280-JMS-WGH |
| | ) | |
| LOLIT JOSEPH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendant Hinton's Motion to Dismiss**

Defendant Esther Hinton seeks dismissal of all the claims alleged against her pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Ms. Hinton argues that dismissal is appropriate because the amended complaint makes no factual allegations that would put Ms. Hinton on notice that she violated state or federal law.

When evaluating a motion to dismiss the court "takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff." *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010). To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93, (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) and *quoting* Fed. R. Civ. P. 8(a)(2)).

The only "factual" allegation against Ms. Hinton is the statement that: "The grievance appeal was denied as a result of Ms. Hinton and Ms. Va[i]svilas' statements." Dkt. 29. In addition, in the section titled, "Claims for Relief," Mr. Gibson states that the actions of defendant Esther

Hinton, "in i[n]tentionally providing factually inaccurate information during plaintiff[']s attempt to receive adequate medical care[,] showed deliberate indifference to plaintiff[']s right to ad[e]quate medical care," and deprived Mr. Gibson of rights secured by the Eighth Amendment and also constituted negligence under state law.

Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberally construed, the amended complaint is understood to allege that Ms. Hinton intentionally fabricated information during the grievance process which interfered with Gibson's ability to obtain medical care.

## *Eighth Amendment Claim*

The intentional fabrication of evidence during the grievance process which results in the on-going denial of constitutionally adequate medical care states a violation of the Eighth Amendment. This is not a case where the plaintiff simply alleges that his grievance regarding medical care was rejected by the defendant. *See George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007)("Only persons who cause or participate in the violations are responsible"; an official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation]"). Instead, the claim in this case is that Ms. Hinton performed her appointed task of responding to Gibson's grievance with deliberate indifference because she intentionally provided false information which had the effect of preventing the medical unit from delivering needed care to Gibson. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on prisoners. . . . [A] complaint examiner who intervened to prevent the medical unit from delivering needed care might be thought liable.").

*State Law Negligence Claim*

Ms. Hinton argues that the state law negligence claim against Ms. Hinton should be dismissed because Ms. Hinton enjoys immunity under the Indiana Tort Claim Act (the "Act"). But this defense could be better evaluated in the course of summary judgment. Ms. Hinton explains:

> The Act controls all claims against government employees, and provides that "a lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code 34-13-3-5. Further, and importantly here, a plaintiff's complaint cannot merely allege wrongdoing, but must assert a reasonable factual basis supporting any allegations. *Perrey v. Donahue*, 703 F. Supp. 2d 839, 856-57 (N.D. Ind. 2010) (citing Ind. Code 34-13-3-5 and *Higgason v. State*, 789 N.E.2d 22, 30 (Ind. Ct. App.2003)).

The amended complaint sufficiently alleges that Ms. Hinton acted maliciously or willfully and wantonly when she intentionally provided false information in response to Mr. Gibson's grievance. Read broadly these facts are sufficient to state a negligence claim under state law. In addition, the scope and nature of Mr. Gibson's state law claim can be further explored by the defendant during the course of discovery.

For these reasons, Ms. Hinton's motion to dismiss [dkt. 62] is **denied.** The Eighth Amendment and state law negligence claim against Ms. Hinton shall proceed.

**IT IS SO ORDERED.**

Date: November 4, 2015

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

LIONEL GIBSON
104608
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362