UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LIONEL GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00280-JMS-MJD |
| ) | |
| MARLA GADBERRY, TIMOTHY BARTH ) | |
| *M.D.,* LOLIT JOSEPH, MICHAEL ) | |
| ROGAN, JOHN B. CLARKSON, ESTHER ) | |
| HINTON, ) | |
| ) | |
| Defendants. ) | |

### Entry Discussing Defendants' Motion for Summary Judgment as to State Law Medical Malpractice Claims

Plaintiff Lionel Gibson alleges that Dr. Joseph, Dr. Clarkson, and Ms. Gadberry ("the Corizon defendants") provided constitutionally inadequate care for Gibson's scalp condition, and that Ester Hinton (an Indiana Department of Corrections employee) was deliberately indifferent to his serious medical needs by obstructing his access to adequate medical care. These claims are brought pursuant to 42 U.S.C. § 1983. The Court also permitted Gibson's state law medical malpractice claims to proceed against Dr. Joseph, Dr. Rogan, Dr. Barth, Dr. Clarkson, and Ms. Gadberry. Gibson further alleges that Esther Hinton was negligent by providing inaccurate information during the grievance process and thus is liable to him under Indiana law. All defendants seek resolution of the claims alleged against them through summary judgment.

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56.

For the reasons explained below, Dr. Joseph, Dr. Rogan, Dr. Barth, and Dr. Clarkson are entitled to judgment as a matter of law on the malpractice claims alleged against them. The remaining claims remain under advisement and will be addressed in a separate Entry.

## DISCUSSION

Under Indiana law, to show medical negligence, a plaintiff must show: (1) a duty to conform one's conduct to a standard of care arising from the relationship with the defendant, (2) a failure to conform one's conduct to the standard of care required, and (3) an injury caused by the failure. *Perkins v. Lawson,* 312 F.3d 872, 876 (7th Cir. 2002); *Methodist Hosp., Inc. v. Johnson,* 856 N.E.2d 718, 720-21 (Ind. Ct. App. 2006). The Indiana Malpractice Act requires that plaintiffs must submit their claims to a medical review panel before filing a lawsuit in court. *See* Ind. Code. § 34-18-8-4.

Gibson alleges medical negligence against Dr. Joseph, Dr. Rogan, Dr. Barth, and Dr. Clarkson based on their treatment of his scalp condition. The Corizon defendants argue that they are entitled to summary judgment because Gibson has not provided any evidence that he complied with the statutory prerequisites for filing a medical malpractice action in Indiana. *See* Ind. Code. § 34-18-8-4. Gibson argues in response that state malpractice procedural requirements do not apply in federal court. But he is mistaken. This requirement applies even in federal court. *See Hines v. Elkhart Gen. Hosp.,* 603 F.2d 646, 647 (7th Cir. 1979) (holding that Indiana Malpractice Act's requirements applied in a federal case based on diversity jurisdiction).

The parties do not dispute that Dr. Joseph, Dr. Rogan, Dr. Barth, and Dr. Clarkson are qualified health care providers pursuant to the Indiana Medical Malpractice Act,[1] that plaintiff

---

[1] This fact was gleaned from the Indiana State Department of Insurances' online records. See

Gibson did not file a Proposed Complaint for Medical Malpractice before the Indiana Department of Insurance ("IDOI"), and that he did not receive an opinion from a Medical Review Panel prior to filing his lawsuit. Indiana Code § 34-18-8-4 provides in relevant part that "an action against a health care provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical review panel . . . and (2) an opinion is given by the panel."

Based on these facts, the plaintiff's failure to file a Proposed Complaint with the IDOI and convene a Medical Review Panel divests this Court of subject matter jurisdiction over the medical malpractice claims alleged against Dr. Joseph, Dr. Rogan, Dr. Barth, and Dr. Clarkson. *See Castelli v. Steele*, 700 F. Supp. 449, 455 (S.D. Ind. 1998) (noting that the medical malpractice action filed in an Indiana court must be dismissed without prejudice for want of jurisdiction if an opinion has not first been rendered by a medical review panel).

For these reasons, the defendants' motion for summary judgment [dkt. 127] is **granted to the extent** that the state law medical malpractice claims against Dr. Joseph, Dr. Rogan, Dr. Barth, and Dr. Clarkson are dismissed without prejudice for lack of jurisdiction. As a result all claims against Dr. Rogan and Dr. Barth have been resolved. The **clerk is directed** to terminate these two defendants on the docket.

There is no evidence to suggest that Marla Gadberry or Esther Hinton are qualified health care providers or that they are entitled to any relief under the Indiana Medical Malpractice Act. This Entry does not resolve all claims against all parties. The remaining claims remain under advisement.

**IT IS SO ORDERED.**

Date: June 2, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

https://www.indianapcf.com/Public/index.aspx (last visited May 19, 2016).

Distribution:

All Electronically Registered Counsel

LIONEL GIBSON
104608
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362